IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle, ) | |
| ) | Civil Action No.2:12-cv-2476-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Darryl King, Jan Pittman, and SCDC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Default Judgment. (Dkt. No. 40.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

Plaintiff filed the instant Motion for Default Judgment on or about April 18, 2013. (See Dkt. No. 40.) In essence, Plaintiff contends he is entitled to default judgment against Defendants because Defendants failed to comply with the undersigned's order on Defendants' Motion for Protective Order. (See Dkt. No. 37.) According to Plaintiff, Defendants' discovery responses were due on April 17, 2013, and at the time Plaintiff filed his motion, Defendants had not responded. (See Dkt. No. 40 at 1 of 3.) It appears that the discovery Plaintiff sought was the same discovery at issue in Plaintiff's Motion "for Production of Documents" (Dkt. No. 41) and Motion to Compel (Dkt. No. 47).

Defendants filed a Response in Opposition to Plaintiff's Motion for Default Judgment. (See Dkt. No. 42.) In their Response, Defendants contend that Plaintiff is not entitled to a default judgment because they complied with the undersigned's order on Defendants' Motion for Protective Order. (See Dkt. No. 42 at 1.) Defendants attached an executed

Certificate of Service showing that their discovery responses were served upon Plaintiff on April 17, 2013. (See Dkt. No. 42-1.)

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant "fail[s] to plead or otherwise defend." FED. R. CIV. P. 55(a). Rule 55 states, in relevant part,

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment**.
>
> > **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> >
> > > **(A)** conduct an accounting;
> > >
> > > **(B)** determine the amount of damages;
> > >
> > > **(C)** establish the truth of any allegation by evidence; or
> > >
> > > **(D)** investigate any other matter.

FED. R. CIV. P. 55(a)-(b).

The undersigned recommends denying Plaintiff's Motion for Default Judgment. (Dkt. No. 40.) None of the Defendants are in default; Defendants filed their Answer on November 19, 2012 and their Amended Answer on November 30, 2012. (See Dkt. No. 14; Dkt. No. 19.) Furthermore, default is not warranted as a result of Defendants' alleged failure to respond to Plaintiff's discovery requests, as ordered by the Court, because Defendants timely responded to those requests. (See Dkt. No. 42-1; see also Dkt. No. 49.)[1] Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 40) should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Default Judgment (Dkt. No. 40) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 28, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[1] In any event, "the failure of the defendants to timely respond to the plaintiffs' discovery requests would not entitle the plaintiffs to a judgment, default or otherwise." Curry v. Charleston County Police Dep't, No. 0:10–522–HFF–PJG, 2010 WL 3766875, at *1 (D.S.C. Aug. 31, 2010), adopted at 2010 WL 3655631 (D.S.C. Sept. 20, 2010); see also FED. R. CIV. P. 37(b)(2) (listing the sanctions for failure to comply with a court *order* to provide or permit discovery).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).