IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle, ) | C/A NO. 2:12-2476-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Darryl King, Jan Pittman, and SCDC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On July 31, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion to amend be denied. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On August 13, 2013, Plaintiff filed a motion to amend his complaint. ECF No. 59. After seeking and receiving two extensions to do so, Plaintiff filed objections to the Report on September 13, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Report. Accordingly, it is adopted in its entirety.

Plaintiff's several objections to the Report fail to establish that the Report erred in its analysis and conclusions regarding Plaintiff's claims. Plaintiff argues (as he does in his complaint and opposition to Defendants' summary judgment motion) that he is not required to comply with every order given by SCDC officers and that he "felt [he] was justified in refusing to comply with their improper order," Obj. at 6 (ECF No. 66); that Defendants' order to place him in the restraint chair was contrary to SCDC policy; that Defendant Pittman was deliberately indifferent to his serious medical needs because "the medical care provided to me after I was maced was really no medical care at all[,]" *id*. at 7 because she "offered me no medical assistance except mere words of advice[,]" *id* at 10; that he indeed asserted claims against SCDC; and that his state law claims should not be dismissed (as he contends his federal claims should go forward). These arguments and facts are the same as were considered and properly rejected by the Magistrate Judge.[1]

---

[1] Plaintiff indicates in his objections that King "maliciously and sadistically" "mace[d] me on [the] ground while I was cuffed behind my back." Obj. at 6. This contention is not submitted as an averment and Plaintiff specifically indicated in his response to Defendants' summary judgment motion that "I am not challenging the use of mace. . . . In a situation of me swinging a weapon, resisting [which Plaintiff does not deny he was doing] I would agree he had a right to mace me then." Br. in Opp. to Dfts' Summ. J. Mot. at 10 (ECF No. 35).

Accordingly, Plaintiff's motions to amend (ECF Nos. 45 & 59) are **denied**. Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
September 16, 2013

3